**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:22-CR-00079-CRS-RSE-3**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**VS.**

**DOMINIQUE PRUITT**                                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Dominique Pruitt's Motion to Reopen Detention Hearing. (DN 99). The Court sustained Defendant Pruitt's Motion and scheduled a detention hearing for May 8, 2024, at 2:30 p.m. (DN 104).

I. Background

Defendant Dominique Pruitt ("Mr. Pruitt"), along with Co-Defendants Sansareya Reyes and Ishia Reyes, was charged in a twelve-count indictment on August 2, 2022. (DN 1). Mr. Pruitt was specifically charged with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), (b)(1)(C) (Count 1) and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Counts 4, 6, and 8). (DN 1).

A. Initial Detention Hearing

One week after the Indictment issued, the Court held a detention hearing for Mr. Pruitt. (DN 23). The Court recognized that a rebuttable presumption arose for Mr. Pruitt's detention under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of the community because there was

probable cause to believe Defendant committed an offense for which a maximum term of imprisonment of ten years or more was prescribed under the Controlled Substances Act. (*Id.*).

During the hearing, Mr. Pruitt relied heavily on his Pretrial Services Report which recommended that he be released on a personal recognizance with certain conditions. He additionally indicated that, if the Court was not satisfied with these recommended conditions, he would submit to home monitoring as a condition for release. Mr. Pruitt also emphasized that, although he has a criminal history, it is brief and does not contain serious offenses.

The United States argued that Mr. Pruitt did not overcome the presumption in favor of detention. The United States highlighted the serious nature of the charges and Mr. Pruitt's involvement in multiple controlled buys. The United States also noted that Mr. Pruitt was under conditional discharge at the time that he committed these offenses. Finally, the United States discussed how, during the execution of the search warrant, a firearm, suspected heroine, suspected methamphetamine, and two types of prescription medications were discovered.[1]

In rendering her decision, the Undersigned acknowledged that Mr. Pruitt's criminal history is not lengthy; however, she noted that it contains both drug-related activity and two charges involving a firearm. She also discussed how these charges were continuous even after given the opportunity of conditional discharge and diversion and that his current charges were committed while on a form of conditional discharge. The Undersigned highlighted the seriousness of Mr. Pruitt's charges and how they carry significant jail time and penalties. (DN 23). She took concern with the fact that Mr. Pruitt had been charged with more than just a single incident of the sale of illegal and dangerous drugs in the community. (*Id.*). In considering this information, she could not find that any condition or combination of conditions of release would reasonably assure the safety

---

[1] In response, Mr. Pruitt argued that he had not been charged with any gun-related offense and did not reside at the residence in which the search warrant was executed.

of any other person and the community. (*Id.*). In the "Order of Detention Pending Trial," the Undersigned noted her reason for detention was because the "[w]eight of the evidence against the defendant is strong." (*Id.*).

Seven days after the Court ordered that Mr. Pruitt be detained pretrial, a grand jury issued a Superseding Indictment. (DN 24). The Superseding Indictment additionally charges Mr. Pruitt with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 14) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (Count 15). (DN 24).

### B. Reopened Detention Hearing

Twenty months into his pretrial detention, Mr. Pruitt filed a Motion to Reopen his Detention Hearing. (DN 99). The stated bases for his Motion are as follows: (1) the case being declared "complex;" (2) facts revealed through discovery; and (3) the availability of Mr. Pruitt's mother as a third-party custodian. (*Id.*). The United States did not oppose Mr. Pruitt's request. The Court scheduled the reopened detention hearing for May 8, 2024. (DN 104).

At the hearing, Assistant United States Attorney Frank E. Dahl, III appeared for the United States. Jonathan A. Dyar appeared on behalf of Mr. Pruitt, who was present and in custody. The hearing was electronically recorded. Mr. Pruitt argued that the government's discovery disclosures reveal that he merely acted as a driver in the three drug transactions in which he was allegedly involved. He highlighted that all of the transactions occurred between his Co-Defendant, Sansareya Reyes ("Ms. Reyes"), and a confidential informant and that he just happened to be with Ms. Reyes when she received the confidential informants' calls. Mr. Pruitt argued that, because he only played a minor role, the risk of him trafficking in drugs if he were released would be non-existent. Thus, he does not represent a danger to the community. Finally, Mr. Pruitt explained that

the additional charges added by the Superseding Indictment stem from the firearm and small amount of drugs found during the execution of the search warrant on Ms. Reyes' apartment. Mr. Pruitt asserted that, although he stayed at the apartment occasionally, it was not his primary residence.

In addition to this discovery, Mr. Pruitt presented his mother, Lisa Pruitt ("Ms. Pruitt"), as a third-party custodian. Ms. Pruitt testified to the following. She lives with her dog in a two-bedroom apartment in Louisville, Kentucky. She works as a travel nurse and was away on an assignment when Mr. Pruitt allegedly committed the offenses. However, she informed the Court that she is currently working in Louisville and will be stationed here for the next two years. She works from 7:00 a.m. to 7:00 p.m. three days a week. Ms. Pruitt assured the Court that, were her son to violate any bond conditions, she would report him to the probation office.

The United States responded that no precedential authority supports Mr. Pruitt's argument that the Court should reopen the detention hearing due to the case being declared complex, which invoked the "interests of justice" exception to the Speedy Trial Act.[2] Moreover, the United States highlighted that Mr. Pruitt did not object to the complex case designation. Regarding his discovery argument, the United States asserted that Mr. Pruitt argues the incorrect legal standard regarding the presumption in favor of detention. Referring to both *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010), and *United States v. Goodman*, No. 3:23-cr-96-BJB, 2023 U.S. Dist. LEXIS 217549 (W.D. Ky. Dec. 6, 2023), the United States explained that the 18 U.S.C. § 3142(g)(2) factor concerning the weight of the evidence against the defendant goes to the weight of the evidence of his dangerousness, not the weight of the evidence of his guilt. Thus, the United States argued that the evidence Mr. Pruitt presents does not bear on whether there are conditions that can reasonably

---

[2] Although the complex case designation was one of Mr. Pruitt's bases in his Motion to Reopen Detention Hearing, he did not address this argument at the reopened detention hearing.

assure the safety of the community. Third, the United States responded that Ms. Pruitt's availability as a custodian does not change the Court's prior determination as to dangerousness because it previously found that no condition or combination of conditions could alleviate the danger to the community. Finally, the United States emphasized that Mr. Pruitt is now facing additional charges from the Superseding Indictment, including possession of a firearm, which increases his mandatory minimum sentence. This amendment to Mr. Pruitt's charges and penalties, the United States argued, bolsters the Court's initial consideration of the seriousness of the offense when determining detention. The United States concluded that Mr. Pruitt had not met the burden to reopen his detention hearing.

The Undersigned took the matter under submission.

## II. Standard of Review

18 U.S.C. § 3142 governs detention hearings for pretrial defendants. To order detention of a defendant pending trial, the court must find by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e), (f)(2)(B). In making this determination, courts are directed to consider several factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>  (4) the nature and seriousness or the danger to any person or the community that would be posed by the person's release . . . .

§ 3142(g).

A detention hearing "may be reopened" after a court's determination any time before the trial if the court finds that information exists: (1) "that was not known to the movant at the time of the hearing[;]" and (2) "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f)(2)(B). As the Sixth Circuit has stated, the defendant must show "truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 U.S. App. LEXIS 16383, at *2 (6th Cir. May 21, 2020) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988 (per curiam)).

### III. Analysis

The new information that Mr. Pruitt believes bears materially on the issue of detention is threefold: (1) the case being declared complex; (2) facts revealed through discovery; and (3) Ms. Pruitt's availability as a third-party custodian. The Court agrees that the complex case designation constitutes information not known to Mr. Pruitt at the time of his initial detention hearing since it was not declared complex until nearly four months after Mr. Pruitt was detained. The question is whether the declaration "has a material bearing on the issue of whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). The Court finds it does not.

First, as the United States emphasized, Mr. Pruitt consented to this case being declared complex. (DN 52). Mr. Pruitt's consent conflicts, to some degree, with any issue he takes with the length of his pretrial detention. And unlike Mr. Pruitt implies, a complex case designation does not automatically overrule a previous finding of detention. *See United States v. Shrewder*, No. 1:05 CR 131-9, 2005 U.S. Dist. LEXIS 60154, at *11-12 (N.D. Ohio July 25, 2005) (finding a vague argument that the length of detention could violate his due process rights was unavailing where defendant agreed to a complex case designation and an ends of justice continuance under provisions of the Speedy Trial Act and the defendant was unable to rebut the presumption that no conditions would assure his appearance or the safety of the community). Second, *United States v. Gallo*, 653 F. Supp. 320 (E.D.N.Y. 1986), cited by Mr. Pruitt in support of his argument, is unpersuasive. In *Gallo*, the defendants had been detained because of threats made to a witness in the case. *Id.* at 325. The Eastern District of New York released the defendants due to, among several other reasons, the case's delay caused by the "complexity of the government's legal theory and the volume of evidence involved" in the RICO conspiracy. *Id.* at 343. The present case not only deals with a different set of facts than those in *Gallo*, but *Gallo's* complex case designation was not the main reason for the defendants' release. *Id.* at 345. Thus, Mr. Pruitt's case being declared complex does not warrant his release.

Nor does the Court find that the discovery facts constitute a basis under § 3142(g) for release. First, it is dubious whether these facts can be considered "new information." Arguably, Mr. Pruitt would have been aware of his involvement in the transactions, including whether he played a minor or major role, at the time of his initial detention hearing. But even giving Mr. Pruitt the benefit of the doubt and finding that these facts were not known to him at that time, the Court agrees with the United States that this does not constitute evidence material to the detention

determination. Mr. Pruitt seems to confuse the meaning of the second factor in § 3142(g) – "the weight of the evidence against the person." The Sixth Circuit holds that the second factor "goes to the weight of the evidence of the dangerousness [or risk of flight], not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1984)); *see also United States v. Alcauter*, No. 23-3278, 2023 U.S. App. LEXIS 17583, at *3 (6th Cir. July 11, 2023).

The Court's initial detention decision appropriately weighed the evidence presented related to Mr. Pruitt's dangerousness as required by § 3142(g). The Undersigned considered the seriousness of the charges against Mr. Pruitt along with his criminal history, including that he was on conditional discharge from a sentence at the time of the current charges. And the Superseding Indictment issued after Mr. Pruitt's initial detention hearing now strengthens the Court's earlier findings as to Mr. Pruitt's dangerousness based on the nature of his charges, including one that involves the possession of a firearm. (*See* DN 24, at PageID # 76). Mr. Pruitt's argument does not satisfy the requisites of § 3142(f)(2)(B) for reopening his detention hearing nor those of § 3142(g) for revoking detention. The weight of the evidence as to whether Mr. Pruitt committed the offenses with which he is charged is not a factor for the Court to consider in determining pretrial detention.

But even by including Mr. Pruitt's minor participation in the distributions when weighing the evidence of his dangerousness, the Court is still unpersuaded. Mr. Pruitt's prior drug-related charges undermine his assertion that the risk of him trafficking in drugs is non-existent. In addition, the serious nature of the charges against Mr. Pruitt was a core reason underpinning the Court's detention decision. That Mr. Pruitt acted as a driver in three transactions does not change the nature of his charges (aiding and abetting the distribution of methamphetamine) nor discounts the United States' allegation that he participated in multiple controlled buys. These considerations, in addition

to Mr. Pruitt's criminal history and the penalty enhancement from his gun-related offense, reinforce the Court's prior detention determination.

Finally, Ms. Pruitt's availability to serve as a potential third-party custodian constitutes new information because she returned to Louisville after her son was detained. However, the Court does not find that her availability has a material bearing on whether conditions of release exist that would assure the safety of any person and the community. Although Ms. Pruitt testified that she "had just left and took [her] first travel assignment when he got on the wrong path," it is unclear whether she was on a travel assignment when he incurred his previous drug-related charges. Additionally, the Court is concerned about Ms. Pruitt's physical ability to monitor Mr. Pruitt were he released given her work schedule of three, twelve-hour days per week.

Regardless, even if Ms. Pruitt were an appropriate custodian, the Court does not find this change in circumstances would affect the earlier detention determination. *See United States v. Bey*, No. 15-87, 2015 U.S. Dist. LEXIS 153879, at *16 (W.D. Pa. Nov. 13, 2015) ("[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case."). Critically, the Court initially found that no conditions of release exist that would assure the safety of others and the community based on the seriousness of the offenses, the penalties he faces for such charges, and his criminal history. Bearing this in mind, Ms. Pruitt as a third-party custodian would not serve to alleviate the danger Mr. Pruitt presents to the community based on the reasons stated previously and now by the Undersigned. The Court finds no basis for altering its previous detention determination.

ORDER

For the reasons described above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Mr. Pruitt's Motion to Reopen Detention Hearing (DN 99) is **DENIED.** The Court's prior detention determination (DN 23) remains in full force and effect, and Mr. Pruitt shall remain in the custody of the United States Marshals Service pending trial.

Copies:        Counsel of Record

0|30